IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| ANGELA HAFNER and SUZANNE POTTER,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CITY OF DUBUQUE, IOWA; and JAY MURRAY and NICK SCHLOSSER, individually and as Police Officers for the City of Dubuque, Iowa,<br><br>Defendants. | No. C15-1002<br><br>ORDER GRANTING MOTION TO SEVER |

This matter comes before the Court on the Motion to Sever (docket number 7) filed by the Defendants on February 23, 2015, and the Resistance (docket number 8) filed by the Plaintiffs on March 2. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. BACKGROUND

On January 8, 2015, Plaintiffs Angela Hafner and Suzanne Potter filed a complaint seeking damages from Defendants City of Dubuque, Jay Murray, and Nick Schlosser. Murray and Schlosser are police officers with the City of Dubuque.

The complaint alleges that on December 30, 2014, Potter was arrested by Murray and charged with second degree burglary. Potter asserts that she "was forcefully thrown head first against the bed of the pick-up truck by Murray."[1] In Count I, Potter claims that

---

[1] Complaint (docket number 2) at 4, ¶ 21.

Murray used excessive force in placing her under arrest, and in Count II charges that she was arrested without probable cause. Potter claims that the City of Dubuque is liable because it failed to properly train and supervise Murray, and failed to ensure that Murray acted in compliance with police department policy.

According to the complaint, Hafner was arrested by Schlosser on June 15, 2014 and charged with simple misdemeanor public intoxication and simple misdemeanor interference with official acts. Hafner claims that "[w]ithout any justification, Schlosser handcuffed Hafner with her arms behind her back, slammed her face first into the ground, and then forced her head against the ground making it difficult for [her] to breathe and impossible for her to ask for help, all causing severe lacerations and bruising."[2] In Count III, Hafner claims Schlosser used excessive force when placing her under arrest. Hafner asserts that the City of Dubuque failed to properly train and/or supervise Schlosser, and failed to ensure that Schlosser acted in compliance with police department policy.

## II. DISCUSSION

FEDERAL RULE OF CIVIL PROCEDURE 20(a) permits two or more persons to join as plaintiffs in a single action if their claims arise out of the same transaction or occurrence, and if the claims assert any common question of law or fact.[3] "The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby

---

[2] *Id.* at 6, ¶ 35.

[3] FED. R. CIV. P. 20(a) states:
    (1)    Plaintiffs. Persons may join in one action as plaintiffs if:
        (A)    They assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or a series of transactions or occurrences; and
        (B)    Any question of law or fact common to all plaintiffs will arise in the action.

2

preventing multiple lawsuits." *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974). However, joinder by two or more plaintiffs is only permitted when the two prerequisites found in RULE 20(a) are met.

> Permissive joinder is not, however, applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or a series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action.

*Mosley*, 497 F.2d at 1333. Generally, courts use a "case by case approach" in determining whether a particular factual situation constitutes a single transaction or occurrence. *Id.* There are no "hard and fast rules" in this regard. *Id.* "Transaction" is a word of "flexible meaning," and "all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Id.*

Here, we have two plaintiffs arrested on two different dates by two different police officers under two different circumstances. Both Plaintiffs claim that they were subjected to the excessive use of force, and both claim that the City of Dubuque failed to properly train and supervise the officers, and failed to ensure that the officers acted in compliance with police department policy. I do not believe it can be fairly said that Plaintiffs' claims arise out of the "same" occurrence, or a "series" of occurrences. Accordingly, the first requirement for permissive joinder is not met.

In *Strandlund v. Hawley*, 532 F.3d 741 (8th Cir. 2008), four plaintiffs brought a single action claiming that they were subjected to excessive force by a single deputy sheriff on three different occasions. *Id.* at 742. The district court found that the claims were not properly joined, although "[i]t is not entirely clear whether the district court intended to merely sever appellants' claims or whether it sought to dismiss the parties from the suit."

*Id.* at 743. On appeal, the plaintiffs did not argue that the district court erred in concluding that their claims were misjoined, but instead contended that the district court erred by ordering their claims dismissed, rather than severed. *Id.* The Eighth Circuit Court of Appeals agreed.

> While it would have been permissible to sever their claims into separate actions because of the need to avoid possible confusion or substantial prejudice, the district court was not permitted to drop and dismiss appellants pursuant to RULE 21.

*Strandlund*, 532 F.3d at 746. That is, while the issue of misjoinder was no longer in dispute at the circuit level, the Court acknowledged, under circumstances similar to those presented here, that it "would have been permissible to sever [the plaintiffs'] claims into separate actions." The instant action presents an even stronger argument for severance, because the two occurrences involved *different* police officers, while the three occurrences in *Strandlund* involved the *same* deputy. *See also Webb v. Flowers*, 2014 WL 169880 at *1 (E.D. Ark.) ("Consolidation is not appropriate because the two alleged incidents of excessive force involved different Defendants and occurred four months apart.").

In an attempt to bypass this obvious roadblock to permissive joinder, Plaintiffs focus on the fact that they both assert a common claim against the City of Dubuque. It is not enough, however, that the Plaintiffs share a common *claim*; it is necessary that their claims arise from the same occurrence, or a series of occurrences. They are unable to meet this requirement. In support of their argument, Plaintiffs cite *Geir v. Educational Service Unit No. 16*, 144 F.R.D. 680 (D. Neb. 1992). There, seven handicapped students brought a § 1983 action alleging they were physically, sexually, and emotionally abused while attending a school for "the trainable mentally handicapped." *Id.* at 682. Although the alleged assaults did not occur on the same dates and did not involve the same employees, the court denied the defendants' motion to sever, finding that the claims arise out of the "same series of transactions or occurrences." *Id.* at 689. I believe that the instant action,

4

which finds its genesis in two occurrences of alleged excessive force, is distinguishable. Plaintiffs' claims do not arise from the "same" occurrence, nor do they arise from a "series" of occurrences. The remaining authorities cited by Plaintiffs are also distinguishable.

Because Plaintiffs are unable to meet the first prerequisite for permissive joinder under RULE 20(a), the Court finds that Defendants' motion to sever should be granted. These claims shall proceed as two separate actions, with Angela Hafner named as Plaintiff in one case and Suzanne Potter named as Plaintiff in the other.

### III. ORDER

IT IS THEREFORE ORDERED that the Motion to Sever (docket number 7) filed by Defendants is **GRANTED** as follows: Not later than **March 20, 2015**, Plaintiffs must recast their complaint as two separate complaints, with Angela Hafner named as Plaintiff in one complaint and Suzanne Potter named as Plaintiff in the other complaint. Hafner's complaint will be docketed under the current case number (2:15-cv-01002-LRR). Potter's complaint will be docketed under a separate case number. Notice will be provided to Defendants by cm/ecf. Following the filing of the recast complaints, Defendants will have fourteen (14) days in which to file a responsive pleading.

DATED this 11th day of March, 2015.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA